## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEITH WIDEMAN, ) | |
| ) | |
| and ) | |
| ) | No.    4:11-cv-475 |
| CRYSTAL WIDEMAN, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WASHINGTON COUNTY ) | |
| MISSOURI, ) | |
| ) | |
| and ) | |
| ) | |
| SCOTT LaHAY, ) | |
| ) | |
| and ) | |
| ) | |
| KATHLEEN SMITH. ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT
## INTRODUCTORY STATEMENT

1.      This is a civil action seeking money damages against Washington County Missouri,

and Deputy Sheriff Scott LaHay (LaHay), for committing acts under color of law, which

deprived Plaintiffs of rights secured under the Constitution and laws of the United States

when he unlawfully seized, assaulted and battered, and otherwise detained Plaintiffs. Plaintiffs

further allege that Defendant Kathleen Smith, custodian of records for the Washington County

Sheriff, and Defendant LaHay, each of them, perpetrated acts against Plaintiffs in violation of

Missouri State law.

## JURISDICTION STATEMENT

2.      This action is brought pursuant to 42 U.S.C. §1983 and §1988 and the Fourth and

Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this

action under 42 U.S.C. §1983, 28 U.S.C. §1343 and 28 U.S.C. §1331. Plaintiff further

invokes the supplemental jurisdiction of this Court to hear and decide claims arising under

Missouri State law, pursuant to 28 U.S.C. §1367.

## PARTIES

3.      At all times referred to herein, Keith Wideman is a citizen and resident of the State of

Missouri, and the United States of America.

4.      At all times referred to herein, Crystal Wideman is a citizen and resident of the State

of Missouri, and the United States of America.

5.      At all times referred to herein, Defendant Washington County Missouri was a

County pursuant to the laws of the State of Missouri.

6.      At all times referred to herein, Defendant LaHay is a Deputy Sheriff for the County of

Washington, Missouri.

7.      At all times referred to herein, Defendant LaHay acted under color of law. Defendant

LaHay is sued in his individual capacity.

8.      At all times referred to herein, Defendant Kathleen Smith is an employee of and the

Custodian of Records for the Washington County Sheriffs Department.

9.      At all times referred to herein, Defendant Smith acted under color of law. Defendant

Smith is sued in her individual capacity.

## FACTS

10.      Defendant LaHay arrested Keith Wideman and Crystal Wideman on or about the 26th day of May 2011, in Washington County Missouri.

11.      Keith Wideman had not perpetrated any crime.

12.      Crystal Wideman had not perpetrated any crime.

13.      Defendant LaHay arrested Keith Wideman without probable cause to believe he had perpetrated any crime.

14.      Defendant LaHay arrested Crystal Wideman without probable cause to believe she had perpetrated any crime.

15.      Keith Wideman did not resist arrest.

16.      Crystal Wideman did not resist arrest.

17.      Defendant LaHay ordered Keith Wideman to place his hands behind his back. When he complied, Defendant LaHay handcuffed one hand, then forced that arm up and behind Plaintiff's back. At the same time, Defendant LaHay pushed Plaintiff forward several feet and caused Plaintiff's face, head, and body to forcefully strike a building and window.

18.       Defendant LaHay then pushed Keith Wideman to the ground causing his head, face, and body, to forcefully strike the ground. Defendant LaHay then handcuffed Keith Wideman's other hand behind his back.

19.      After handcuffing Keith Wideman, LaHay grabbed plaintiff by his head and hair and repeatedly struck Plaintiff's face and head against the ground and surrounding concrete.

20.      After handcuffing Keith Wideman, LaHay repeatedly hit and kicked him.

21.      After handcuffing Keith Wideman , LaHay repeatedly struck Plaintiff's face, head, and body against a patrol vehicle.

22.     After handcuffing Keith Wideman, LaHay sprayed him in the eyes, nose, and mouth, with a chemical agent.

23.     Keith Wideman suffered severe pain and injuries including, bruising, bleeding, a concussion, contusions, multiple abrasions, bruising to his ribs, lacerations and swelling of his face, and chemical burns.

24.     Defendant LaHay's attack caused Keith Wideman's body to be weak, stiff, sore, and painful.

25.     The use of any force against Keith Wideman was unnecessary and excessive.

26.     LaHay issued to Keith Wideman Missouri Uniform Citation #092137291, believed to allege Resisting or Interfering with an Arrest. Citation #092137291 required Keith Wideman to appear at the Associate Circuit Court in Washington County on June 10, 2010.

27.     LaHay issued to Keith Wideman Missouri Uniform Citation #092137290, believed to charge Property Damage. Citation #092137290 required Keith Wideman to appear at the Associate Circuit Court in Washington County on June 10, 2010.

28.     LaHay issued to Keith Wideman Missouri Uniform Citation #092137289, believed to allege Assault. Citation #092137289 required Keith Wideman to appear at the Associate Circuit Court in Washington County on June 10, 2010.

29.     LaHay informed Keith Wideman the "property damage" charge was the result of a drop of his blood on his (LaHay's) uniform.

30.     Keith Wideman appeared at the Associate Circuit Court in Washington County on June 10, 2010. Upon information and belief, no record of Missouri Uniform Citation(s) #092137291, #092137290, and #092137289, being filed with the Washington County Clerk of Court, on or before June 10, 2010, or since.

31.     On February 10, 2011, Plaintiff, through counsel, requested from the Office of the Washington County Sheriff  an un-redacted copy of records and information to which Plaintiff is entitled  pursuant to Missouri Sunshine Law RSMo.§610.100.4.

32.     On February 22, 2011 the Office of the Washington County Sheriff refused Keith Wideman's request for records of his arrest in this incident.

33.     More than 30 days have passed since Keith Wideman made his demand for records pursuant to RSMo§610.100.4., through counsel.

34.     Upon information and belief, no Court Order has issued pursuant to RSMo §610.100.4 to refuse and deny Keith Wideman access to records to which he is entitled as a matter of law.

35.     Keith Wideman continues to be refused and denied access to records to which he is entitled as a matter of law pursuant to RSMo §610.100.4.

36.     Crystal Wideman witnessed the unprovoked and unlawful attack on her husband Keith Wideman.

37.     During the attack on Keith Wideman, Crystal Wideman yelled to Defendant LaHay that she was recording his conduct on her phone.

38.     Defendant LaHay, in response to Crystal Wideman, stopped his attack on Keith Wideman, approached Crystal Wideman, grabbed her and forced her body to the ground, and handcuffed her.

39.     The use of any force against Crystal Wideman was unnecessary and therefore excessive.

40.     LaHay issued to Crystal Wideman Missouri Uniform Citation #092137292, believed to charge Interference with Arrest and Resisting Arrest. Citation #092137292 required

Crystal Wideman to appear at the Associate Circuit Court in Washington County on June 10, 2010.

41.     Crystal Wideman appeared at the Associate Circuit Court in Washington County on June 10, 2010. Upon information and belief, no record of Missouri Uniform Citation #0921372921, being filed with the Washington County Clerk of Court, on or before June 10, 2010, or since.

## CAUSES OF ACTION

## COUNT I

## USE OF EXCESSIVE FORCE AGAINST KEITH WIDEMAN IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANT LaHAY, COGNIZABLE PURSUANT TO 42 U.S.C. §1983

For his cause of action against Defendant LaHay in Count I Plaintiff Keith Wideman states:

42.     By this reference, Plaintiff incorporates paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     Defendant LaHay, did arrest, assault, batter, hit, kick, spray with chemical agent, and otherwise brutalize Plaintiff, as aforedescribed.

44.     As a direct and proximate result of the aforedescribed excessive force by Defendant, Plaintiff suffered grievous bodily harm and was deprived of his right to be free from excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §1983.

45.     As a direct and proximate result of the malicious, brutal, and outrageous conduct of Defendants as aforedescribed, Plaintiff suffered severe pain and injuries including, bruising, bleeding, a concussion, contusions, multiple abrasions, bruising to his ribs, lacerations, swelling of his face, and chemical burns to his, face, eyes, nose, and mouth.

46.     Plaintiff's body was weak, stiff, sore, and painful as a result.  The brutal assault on Plaintiff caused him to be fearful for his life, and great fear for his safety.  Plaintiff has also suffered pain of the mind, and the body, fear, apprehension, depression, and consternation.

47.     Plaintiff has suffered damages in connection with the deprivation of his constitutional rights. Plaintiff suffered, and continues to suffer, special damages in the form of medical expenses and lost wages, and will into the future, in an amount that cannot yet be determined.

48.     The acts of Defendant LaHay as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages.

49.     If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff Keith Wideman prays for judgment against Defendant LaHay, for compensatory and future damages in an amount that is fair and reasonable, and for punitive damages, the costs of this action, attorney's fees, and such other relief, as the Court deems fair and appropriate under the circumstances.

## COUNT II

### UNLAWFUL SEIZURE, ARREST, AND DETENTION OF KEITH WIDEMAN BY DEFENDANT LaHAY, IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS, COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant LaHay in Count II Plaintiff Keith Wideman states:

50.     By this reference, Plaintiff incorporates paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     Defendant LaHay, without reasonable grounds or probable cause, arrested and detained Plaintiff against his will.

52.    The arrest and detention were in violation of the Plaintiff's right to be free from unreasonable

seizure of his person in the absence of probable cause secured by the Fourth and the Fourteenth

Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

53.    As a direct and proximate result of the aforedescribed excessive force used in seizing

Plaintiff by Defendant LaHay, Plaintiff suffered grievous bodily harm and was deprived of his

rights in violation of the Fourth and Fourteenth Amendments of the Constitution of the United

States, and 42 U.S.C. §1983.

54.    As a direct and proximate result of the malicious, brutal, and outrageous conduct of

Defendant as aforedescribed, Plaintiff suffered severe pain and injuries including, bruising,

bleeding, a concussion, contusions, multiple abrasions, bruising to his ribs, lacerations,

swelling of his face, and chemical burns to his, face, eyes, nose, and mouth.

55.    Plaintiff's body was weak, stiff, sore, and painful as a result.  The brutal assault on

Plaintiff caused him to be fearful for his life, and great fear for his safety.  Plaintiff has also

suffered pain of the mind, and the body, fear, apprehension, depression, and consternation.

56.    Plaintiff has suffered damages in connection with the deprivation of his constitutional

rights. Plaintiff suffered, and continues to suffer, special damages in the form of medical

expenses and lost wages, and will into the future, in an amount that cannot yet be determined.

57.    The acts of Defendant LaHay as aforedescribed were intentional, wanton, malicious,

oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to

an award of punitive damages.

58.    If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant LaHay, for

compensatory and future damages in an amount that is fair and reasonable, and for punitive

damages, the costs of this action, attorney's fees, and such other relief, as the Court deems

fair and appropriate under the circumstances.

<u>COUNT III</u>

<u>EXCESSIVE FORCE, UNLAWFUL SEIZURE, ARREST, AND DETENTION, OF
CRYSTAL WIDEMAN BY DEFENDANT LaHAY, IN VIOLATION OF THE
FOURTH AND FOURTEENTH AMENDMENTS,
COGNIZABLE UNDER 42 U.S.C. §1983</u>

For his cause of action against Defendant LaHay in Count III Plaintiff Crystal
Wideman states:

59.     By this reference, Plaintiff incorporates paragraphs 1 through 58 of this Complaint as though

fully set forth herein.

60.     Defendant LaHay, without reasonable grounds or probable cause, arrested and detained

Plaintiff against her will.

61.     The arrest and detention were in violation of the Plaintiff's right to be free from unreasonable

seizure of her person in the absence of probable cause secured by the Fourth and the Fourteenth

Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

62.     As a direct and proximate result of the aforedescribed excessive force used in seizing

Plaintiff by Defendant LaHay, Plaintiff was deprived of her rights in violation of the Fourth

and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §1983.

63.     As a direct and proximate result of the malicious, brutal, and outrageous conduct of

Defendant Lahay as aforedescribed, Plaintiff suffered pain and her body was weak, stiff, and

sore as a result. The assault on Plaintiff caused her to be fearful for her life, and great fear for

her safety. Plaintiff has also suffered pain of the mind, and the body, fear, apprehension,

depression, and consternation.

64.     Plaintiff has suffered damages in connection with the deprivation of her constitutional rights.

65.     The acts of Defendant LaHay as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages.

66.     If Plaintiff prevails, she is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant LaHay, for compensatory damages in an amount that is fair and reasonable, and for punitive damages, the costs of this action, attorney's fees, and such other relief, as the Court deems fair and appropriate under the circumstances.

## COUNT IV

## FAILURE TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE DIRECTED AGAINST WASHINGTON COUNTY MISSOURI, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant Washington County in Count IV, Plaintiffs Keith Wideman and Crystal Wideman state:

67.     By this reference, Plaintiffs incorporate paragraphs 1 through 66 as though fully set forth herein.

68.     Upon information and belief, there exists within the Washington County Sheriff's Department, policies, and/or customs, practices, and usages, that are so pervasive that they constitute the policy of the department, and which caused the constitutional deprivations of the Plaintiff as aforedescribed.

69.     Upon information and belief, Defendant County was aware, or should have been aware, of the custom and practice(s) of: using excessive force; unlawfully seizing citizens; issuing cover

charges to conceal or otherwise justify the use of excessive force and unlawful seizures; and of lying about facts to obstruct and interfere with the lawful investigation of misconduct and constitutionally violative acts.

70.     Upon information and belief, Washington County has delegated to the Sheriff the power to set policy and the authority to control the conduct of the Deputies and employees under his command. The Sheriff has failed and refused to properly train, to control, and to discipline them. This failure to act affirmatively in the face of transgressions which were known, or should have been know, establishes the policy of the Defendant County to condone and otherwise tolerate constitutionally violative conduct.

71.     By its failure to act and prevent such customs and practices, Defendant County is, and has been, deliberately indifferent to the constitutional deprivation suffered by Plaintiffs, and others, who come in contact with it's employees.

72.     Had the Sheriff, or Washington County, or both of them, acted affirmatively to properly train, or supervise, or discipline officers when they conducted themselves in constitutionally violative ways, the constitutional deprivation perpetrated against Plaintiffs would not have occurred.

73.      In his failures, the Sheriff, and thereby Washington County, ratified the misconduct and the unconstitutional policies, customs, and practices aforedescribed.

74.     As a direct and proximate result of the aforedescribed,  Plaintiff Keith Wideman suffered grievous bodily harm and was deprived of his right to be free from excessive force and unlawful seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §1983.

75.    As a direct and proximate result of the aforedescribed,  Plaintiff Crystal Wideman suffered bodily harm and was deprived of her right to be free from excessive force and unlawful seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §1983.

76.    As a direct and proximate result of the malicious, brutal, and outrageous conduct of Defendant LaHay as aforedescribed, and ratified by Defendant County, Plaintiff Keith Wideman suffered severe pain and injuries including, bruising, bleeding, a concussion, contusions, multiple abrasions, bruising to his ribs, lacerations, swelling of his face, and chemical burns to his, face, eyes, nose, and mouth.

77.    Plaintiff Keith Wideman's body was weak, stiff, sore, and painful as a result.  The brutal assault on Keith Wideman caused him to be fearful for his life, and great fear for his safety.

78.    Keith Wideman and Crystal Wideman have also suffered pain of the mind, and the body, fear, apprehension, depression, and consternation.

79.    Keith Wideman and Crystal Wideman have suffered damages in connection with the deprivation of their constitutional rights.

80.    Keith Wideman suffered, and continues to suffer, special damages in the form of medical expenses and lost wages, and will into the future, in an amount that cannot yet be determined.

81.    If Plaintiffs prevail, they are entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

        WHEREFORE, Plaintiffs pray for judgment against Defendant Washington County for compensatory and future damages in an amount that is fair and reasonable, the costs of this

action, attorney's fees, and such other relief, as the Court deems fair and appropriate under the circumstances.

## COUNT V

### ASSAULT AND BATTERY OF KEITH WIDEMAN BY DEFENDANT LaHAY, COGNIZABLE UNDER MISSOURI STATE LAW

For this cause of action against in Count V, against Defendant LaHay, Keith Wideman states:

82.    By this reference, Plaintiff incorporates paragraphs 1 through 81 as though fully set forth herein.

83.    The acts of Defendant LaHay, as aforedescribed, were committed without just cause or provocation and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

84.    As a direct and proximate result of the malicious, brutal, and outrageous conduct of Defendant LaHay as aforedescribed, Plaintiff suffered severe pain and injuries including, bruising, bleeding, a concussion, contusions, multiple abrasions, bruising to his ribs, lacerations and swelling of his face, and chemical burns to his eyes, face, and mouth.

85.    Plaintiff's body was weak, stiff, sore, and painful. The brutal assault on Plaintiff caused him to be fearful for his life, and great fear for his safety.

86.     Plaintiff has since suffered pain of the mind and the body, fear, apprehension, depression, and consternation. Plaintiff suffered, and continues to suffer, special damages in the form of medical expenses and lost wages, and will into the future, in an amount that cannot yet be determined.

87.     The acts of Defendant LaHay as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant LaHay for compensatory and future damages in an amount that is fair and reasonable, and for punitive damages, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI

## ASSAULT AND BATTERY OF CRYSTAL WIDEMAN BY DEFENDANT LaHAY, COGNIZABLE UNDER MISSOURI STATE LAW

For this cause of action against in Count VI, against Defendant LaHay Crystal Wideman states:

88.     By this reference, Plaintiff incorporates paragraphs 1 through 87 as though fully set forth herein.

89.     The acts of Defendant LaHay, as aforedescribed, were committed without just cause or provocation and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

90.     As a direct and proximate result of the malicious, brutal, and outrageous conduct of Defendant LaHay as aforedescribed, Plaintiff suffered pain. Plaintiff's body was weak, stiff, and sore.

91.     Plaintiff has since suffered pain of the mind and the body, fear, apprehension, depression, and consternation.

92.     The acts of Defendant LaHay as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant LaHay for compensatory damages in an amount that is fair and reasonable, and for punitive damages, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VII.

## FALSE ARREST AND FALSE IMPRISONMENT OF KEITH WIDEMAN BY DEFENDANT LaHAY, COGNIZABLE UNDER  MISSOURI STATE LAW

For his cause of action against Defendant LaHay, in Count VII, Plaintiff states:

93.     By this reference, Plaintiff incorporates paragraphs 1 through 92 of this Complaint as though fully set forth herein.

94.     Defendant LaHay, at such times as previously set forth herein, intentionally arrested, detained, and restrained Plaintiff against his will without probable cause to believe that Plaintiff had committed any crime, or caused the arrest, detention, and restraint of Plaintiff against his will without probable cause to believe that Plaintiff had committed any crime.

95.     The conduct of Defendant LaHay in causing or exercising dominion and control over the freedom of Plaintiff, resulted in an unlawful and intentional restraint of Plaintiff against his will.

96.     As a direct and proximate result of the malicious, brutal, and outrageous conduct of Defendant LaHay as aforedescribed, Plaintiff suffered severe pain and injuries including, bruising, bleeding, a concussion, contusions, multiple abrasions, bruising to his ribs, lacerations and swelling of his face, and chemical burns to his eyes, face, and mouth.

97.     Plaintiff's body was weak, stiff, sore, and painful. The brutal assault on Plaintiff caused him to be fearful for his life, and great fear for his safety.

98.      Plaintiff has since suffered pain of the mind and the body, fear, apprehension, depression, and consternation. Plaintiff suffered, and continues to suffer, special damages in the form of medical expenses and lost wages, and will into the future, in an amount that cannot yet be determined.

99.      The acts of Defendant LaHay as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant LaHay for compensatory and future damages in an amount that is fair and reasonable, and for punitive damages, and such other relief, as the Court deems fair and appropriate under the circumstances.

## COUNT VIII.

## FALSE ARREST AND FALSE IMPRISONMENT OF CRYSTAL WIDEMAN BY DEFENDANT LaHAY, COGNIZABLE UNDER  MISSOURI STATE LAW

For his cause of action against Defendant LaHay, in Count VI, Crystal Wideman states:

100.    By this reference, Plaintiff incorporates paragraphs 1 through 99 of this Complaint as though fully set forth herein.

101.    Defendant LaHay, at such times as previously set forth herein, intentionally arrested, detained, and restrained Plaintiff against her will without probable cause to believe that Plaintiff had committed any crime, or caused the arrest, detention, and restraint of Plaintiff against her will without probable cause to believe that Plaintiff had committed any crime

102.    The conduct of Defendant LaHay in causing or exercising dominion and control over the freedom of Plaintiff, resulted in an unlawful and intentional restraint of Plaintiff against her will.

103.    As a direct and proximate result of the malicious, brutal, and outrageous conduct of Defendant LaHay as aforedescribed, Plaintiff suffered pain. Plaintiff's body was weak, stiff, and sore.  Plaintiff was fearful for her life, and great fear for her safety.

104.    Plaintiff has since suffered pain of the mind and the body, fear, apprehension, depression, and consternation.

105.    The acts of Defendant LaHay as aforedescribed were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant LaHay for compensatory damages in an amount that is fair and reasonable, and for punitive damages, and such other relief, as the Court deems fair and appropriate under the circumstances.

## COUNT IX.
## VIOLATION OF MISSOURI SUNSHINE LAW BY DEFENDANT SMITH, COGNIZABLE UNDER MISSOURI STATE LAW

For his cause of action against Defendant Smith in Count IX, Plaintiff Keith Wideman states:

106.    By this reference, Plaintiff incorporates paragraphs 1 through 105 as though fully set forth herein.

107.    The designated custodian of records for the Washington County Missouri Sheriff is Defendant Kathleen Smith.

108.     Defendant Smith has a statutory duty to produce a "complete, unaltered, and unedited" incident report concerning Plaintiffs arrest of May 26-27, 2010, upon request of counsel. RSMo §610.100.

109.     On February 2, 2011, Plaintiff, through counsel and pursuant to §610100 properly requested records regarding the arrest of Plaintiff occurring on or about May 26-27, 2010.

110.     Defendant Smith's duty to provide records pursuant to §610.100 is ministerial, not discretionary.

111.     Defendant Smith has failed and refused to provide the required records citing an "ongoing investigation"

112.     Upon information and belief, Defendant Smith failed to obtain Court authorization to withhold the requested records as required by §610.100., and more than 30 days have passed since Plaintiff's request for records.

113.     The failure of Defendant Smith to produce the required records, or obtain a Court Order authorizing her to withhold records, is a direct result of her knowledge that the records requested by Plaintiff were to be used to support Plaintiff's civil claim against her employer, Washington County Missouri, and her co-worker, Deputy LaHay.

114.     The acts of Defendant Smith, as aforedescribed, were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against her.

         WHEREFORE, Plaintiff prays for judgment against Defendant Smith, for statutory damages pursuant to RSMo §610.027., compensatory damages, punitive damages, and for attorneys' fees and the costs of this litigation, and for all other relief and penalties as is appropriate under the law.

Respectfully submitted,

RYALS & BREED
*A Professional Corporation*

By: *_/s/ John W. Bruzek_*
    John W. Bruzek # AT0009651IA
    3120 Locust St.
    St. Louis, MO 63103
    (314) 862-6262
    (314) 880-2027 FAX
    E-Mail: bruzek@rblawstl.com
    *Attorney for Plaintiff*